[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2010
JOHN LEY
CLERK

_____

No. 09-12188
Non-Argument Calendar

_____

Agency No. A096-091-412

JOSE MIGUEL HURTADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 3, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Miguel Hurtado, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals's ("BIA") decision, affirming the immigration judge's ("IJ") order finding him removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). *See* INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). On appeal, Hurtado argues that he was entitled to asylum based on his well-founded fear that he would be persecuted by the paramilitary force known as the United Self-Defense Force of Columbia, ("AUC"), because he refused to join the AUC, who attempted to recruit him based on his former military service in an elite counter-guerilla combat unit.[1]

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's legal determinations *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to

---

[1] Hurtado does not challenge on appeal the BIA's denial of his CAT claim, nor does he challenge the denial of his motion to reopen. Therefore, he has abandoned those claims. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1027 (quotation omitted). We may reverse only when the record compels it. *Id.*

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has the discretion to grant asylum if the alien establishes that he meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A); *Al Najjar*, 257 F.3d at 1284. A "refugee" is defined in the INA as an individual who is unwilling or unable to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

To establish past persecution, the alien must prove that (1) he was persecuted, and (2) the persecution was on account of a protected ground. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). Although persecution is not defined by the INA, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." *Sepulveda v. U.S.*

3

*Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation marks omitted) (alteration in original). "Not all exceptional treatment is persecution." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000).

If a petitioner cannot show past persecution, he may establish eligibility for asylum by proving that he has a "well-founded fear" of future persecution on account of a statutorily-protected ground. 8 C.F.R. § 208.13(a), (b). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [a statutory factor]." *Al Najjar*, 257 F.3d at 1287 (quotation marks and citation omitted) (emphasis in original). In addition to demonstrating that there is a reasonable probability of a future threat to his life or freedom based on a protected ground, the alien also must show that he could not reasonably relocate to a different region of the country to avoid the threat. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258-59 (11th Cir. 2006); 8 C.F.R. § 208.13(b)(1)-(2).

Unlike the discretionary authority to grant asylum, the Attorney General is required to grant withholding of removal to an alien who establishes that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). Under this standard, an alien must prove that it is "more likely

4

than not" that he will be persecuted upon returning to his country. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). This standard is higher than the standard for asylum, so an alien who fails to establish entitlement to asylum necessarily fails to establish eligibility for withholding of removal. *See Al Najjar*, 257 F.3d at 1292-93.

In terms of protected grounds, we have held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Id.* at 1289 (quotation marks omitted). To qualify for asylum relief on a theory of imputed political opinion, a petitioner must establish that he was, or reasonably fears that he will be, persecuted because of an opinion that has been attributed to him. *Id.*

"The mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [the petitioner] fears persecution *on account of* political opinion, as [INA] § 101(a)(42) requires." *INS v. Elias-Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992) (emphasis in original). Persecution on account of political opinion "is persecution on account of the *victim's* political opinion, not the persecutor's." *Id.* (emphasis in original).

5

The fact that a person is persecuted for resisting recruitment into a guerilla organization does not necessarily constitute persecution on account of one's political opinion. *Id.* at 481-82, 112 S.Ct. at 815-16. As the Supreme Court has noted, resistance can stem from a host of other reasons – "fear of combat, a desire to remain with one's family and friends, a desire to earn a better living in civilian life, to mention only a few." *Id.* at 482, 112 S.Ct. at 816. Thus, we have held that "it is not enough for an alien to show that he will be persecuted due to his refusal to cooperate with guerillas." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004). Also, general criminal activity, private acts of violence, and personal retribution do not qualify as persecution based on a statutorily protected ground. *Id.*

Substantial evidence supports the BIA's and IJ's findings that Hurtado did not have a well-founded fear of future persecution on account of a protected ground, because the evidence shows that he was threatened with harm, not because of any expressed political opinion, but in retaliation for refusing to join the AUC. Thus, the BIA's finding that he failed to establish eligibility for asylum or withholding of removal is supported by substantial evidence.

Upon review of the record and consideration of the parties' briefs, we deny the petition.

**PETITION DENIED**.

6